UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TORI ROSE COLLINS, <br><br> Plaintiff, <br><br> v. <br><br> TROUSDALE TURNER CORRECTIONAL CENTER – CORECIVIC, <br><br> Defendant. | Case No. 3:24-cv-00573 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This employment-discrimination action brought under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112–12117, arises out of pro se Plaintiff Tori Rose Collins's employment by Defendant CoreCivic of Tennessee, LLC (CoreCivic), at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee.[1] (Doc. No. 1.) CoreCivic has filed a motion to compel Collins to respond to its discovery requests and for reasonable costs and attorney fees.

---

[1] Collins's complaint alleges that she worked at TTCC and names "Trousdale Turner Correctional Center – CoreCivic" as the sole defendant in this action. (Doc. No. 1, PageID# 1–2.) CoreCivic asserts in its answer that Collins "was employed by CoreCivic of Tennessee, LLC" and that "'Trousdale Turner Correctional Center – CoreCivic' is not a legal entity and is not the proper defendant." (Doc. No. 8, PageID# 38.) Courts in this district have recognized that "CoreCivic is the private corrections management firm that operates TTCC." *Martin v. Hill*, Case No. 3:21-cv-00858, 2022 WL 125026, at *3 (M.D. Tenn. Jan. 11, 2022) (Crenshaw, C.J.). "TTCC, on the other hand, is just 'a building.'" *Shallenberger v. CoreCivic – Trousdale Turner Corr. Ctr.*, No. 3:19-cv-00900, 2020 WL 869984, at *3 (M.D. Tenn. Feb. 21, 2020) (quoting *Plemons v. CoreCivic Admin. Headquarters*, No. 3:18-cv-00498, 2018 WL 4094816, at *3 (M.D. Tenn. Aug. 28, 2018)). "The proper [d]efendant in this matter is therefore 'CoreCivic.'" *Shallenberger*, 2020 WL 869984, at *3. The Court will direct the Clerk of Court to update the case caption on the docket to reflect this.

(Doc. No. 18.) Collins has responded in opposition (Doc. No. 27), and CoreCivic has filed a reply (Doc. No. 28).

For the reasons that follow, CoreCivic's motion to compel will be granted in part and denied in part.

## I. Background

### A. Factual Background

Collins alleges that she began working at TTCC "as a Correctional Officer on the night shift in August 2022" and "was promoted to Case Manager" "[s]oon after[.]" (Doc. No. 1, PageID# 5.) Collins states that, at first, her "attendance was good and [she] never showed up late." (*Id.*) But then Collins became ill and, in March 2023, had surgery to remove her tonsils and adenoids. (*Id.*) Collins alleges that, "[w]hen she returned to work from surgery, . . . [she] faced ongoing tiredness" and "started showing up to work late since [she] couldn't hear [her] alarm." (*Id.*) Even though her "pulmonologist issued a medical note because [she] [is] a[n] obstructive sleep apnea patient[,] [a]dministrative staff refused to provide an accom[m]odation . . . ." (*Id.*) Collins alleges that she "received discipline for being late to work" and that "[m]ore than one staff member disciplined [her] in front of inmates." (*Id.*)

Collins began to "notice[ ] more symptoms" including "muscle pain and spasms, forgetfulness, and difficulty with cognition." (*Id.*) She "was diagnosed with Migraines" and, "[i]n August 2023, [Collins] went on short term disability leave because [she] was tired all the time and [she] had so many symptoms." (*Id.*) Collins alleges that "[a] CT scan in October 2023 confirmed the cognitive problems were migraines" and that "short term disability leave was a requirement for [her] recovery." (*Id.*) She "received a doctor's note to go back to work" but, when she "arrived [at] Human Resources on [August 29, 2023], [she] was fired because, supposedly, [she] didn't

provide enough notice before taking medical leave." (*Id.*) Collins "ask[ed] for [her] job back via the company grievance process[,] [but] [she] never received an answer." (*Id.*)

B. **Procedural History**

Collins initiated this action on May 7, 2024, by filing a complaint for employment discrimination against CoreCivic. (Doc. No. 1.) The Court granted Collins's motion for leave to proceed *in forma pauperis* (IFP), screened her complaint under 28 U.S.C. § 1915(e), and found that it states colorable ADA claims against CoreCivic. (Doc. No. 5.) At Collins's request, the Clerk of Court issued a summons for CoreCivic (Doc. No. 6) and, because Collins proceeds IFP, the United States Marshals Service effected service of process on CoreCivic on Collins's behalf (Doc. No. 7.)

CoreCivic appeared and answered Collins's complaint. (Doc. No. 8.) The Court entered a scheduling order setting October 16, 2024, as the deadline for filing motions to amend the pleadings; February 17, 2025, as the deadline for completing all discovery; and April 17, 2025, as the deadline for filing dispositive motions. (Doc. No. 10.) In November 2024, Collins filed motions requesting an extension of time to respond to interrogatories and requests for production of documents that CoreCivic served on her by mail on October 17, 2024. (Doc. Nos. 12, 13.) CoreCivic did not oppose Collins's request (Doc. No. 14), and the Court granted Collins's motions ordering her "to provide responses to CoreCivic's discovery requests by January 2, 2025." (Doc. No. 16.)

On February 17, 2025, CoreCivic filed a motion to compel discovery responses under Federal Rule of Civil Procedure 37 (Doc. No. 18), arguing that Collins still had not responded to its discovery requests and had stopped "respond[ing] to any communications by CoreCivic regarding her outstanding discovery" (Doc. No. 19, PageID# 84). CoreCivic also filed a motion to extend the scheduling order deadlines for completing discovery and filing dispositive motions,

arguing that, "[d]ue to [Collins's] delay and failure to respond, CoreCivic has been unable to complete written discovery, any necessary third-party discovery, and [Collins's] deposition." (Doc. No. 20, PageID# 133, ¶ 4.) CoreCivic represented to the Court that Collins did not oppose the requested extensions. (Doc. No. 21.) The Court therefore granted CoreCivic's motion to extend the discovery and dispositive motion deadlines as unopposed and stated that the Court will reset the discovery and dispositive motion deadlines by separate order after resolving CoreCivic's motion to compel discovery. (Doc. No. 22.)

Collins filed an "objection" to CoreCivic's motion to compel discovery (Doc. No. 27), which the Court construes as her response in opposition to CoreCivic's motion. Collins does not dispute that she has not yet responded to CoreCivic's discovery requests. She argues that CoreCivic "did not communicate a sense of urgency to receive [her] discovery answers" and "stated they were going to file a motion for an extension for discovery." (*Id.* at PageID# 149.) Collins argues that she "has not finalized her discovery" because "[a] new deadline has not been determined by the court . . . ." (*Id.*) She states that she has "experienced hardship that interfered with completion of her discovery before the deadline" including "mov[ing] to a new address twice . . . [,]" a two-week closure of the Nashville Public Library "at the beginning of 2025[,]" "conflicts with another tenant [in her house] which resulted in police involvement and court dates[,] . . . [and] medical disabilities which caused limitations in her ability to focus and complete tasks." (*Id.* at PageID# 149–50.) Collins argues that she "was led to believe another extension of time is reasonable and could be expected, given the scope of [CoreCivic's] interrogatories and document requests." (*Id.* at PageID# 150.) She also states that, "[o]n March 22, 2025, [she] sent an email providing [CoreCivic] with a new update that her discovery can be completed in a reasonable timeframe when she gets adequate software to edit PDF documents." (*Id.*)

CoreCivic filed a reply in support of its motion to compel discovery, asking the Court to grant its motion to compel Collins's discovery responses "and also award CoreCivic its reasonable attorneys' fees and costs associated with brining [its] [m]otion." (Doc. No. 28, PageID# 154.)

## II. Legal Standard

"[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).

Rule 37(a) provides that a party may file a motion for a court order compelling disclosure or discovery in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The moving party bears the initial burden of proving the relevance of the information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). "The court will only grant [a motion to compel] . . . if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

### III. Analysis

CoreCivic seeks an order compelling Collins to respond to twenty-two interrogatories and forty-four requests for production of documents, copies of which CoreCivic attached to its motion to compel. (Doc. Nos. 19, 19-1.) CoreCivic argues that these discovery requests seek information relevant to Collins's claims and CoreCivic's defenses in this action because:

> the Interrogatories relate to witnesses and individuals with whom [Collins] has discussed her claims (Nos. 1–4); statements relating to her claims and any documents relating to her employment and termination (Nos[.] 5–6); [Collins]'s damages and attempts to mitigate same (Nos. 7–11, 17–18); [Collins]'s specific allegations relating to her alleged disability (Nos. 12, 14–16); any expert witness (No. 19); [Collins]'s social media and networking activity, complaints against other employers, and participation in other litigation (Nos. 20–22). Similarly, the Requests for Production seek documents and communications that: relate to statements prepared by [Collins] or made by witnesses and communications reflecting same (Nos. 1–2, 7–8); documents relating to her employment, termination, and any complaints and grievances made by [Collins] while at CoreCivic (Nos. 3–4, 23–26, 28); communications with any employees or third parties about her allegations (Nos. 5–6, 16–17); documents that relate to her alleged medical conditions (Request Nos. 8–15); any documents and communications regarding her alleged requests for accommodation or any leave of absence (Nos. 18–22, 27); documents that relate to her damages and attempts to mitigate same (Nos. 28–35, 37); any expert witness reports (Nos. 39–40); any documents provided to governmental agencies related to CoreCivic (No. 41); and documents that otherwise relate to [Collins]'s claims or that she intends to rely upon at trial or at any evidentiary hearing (Nos. 42–44).

(Doc. No. 19, PageID# 87–88.) CoreCivic has therefore carried its initial burden to demonstrate the relevance of the information it seeks from Collins. *See Gruenbaum*, 270 F.R.D. at 302.

Collins has not contested the relevance of the information sought by CoreCivic's discovery requests and has not objected to any specific interrogatories or requests for production. Her only argument in opposition to CoreCivic's motion to compel is "that a new discovery deadline is [going to be] established." (Doc. No. 27, PageID# 150.) It appears that Collins has confused the deadline for the parties to complete all written discovery in this action with her deadline to respond to CoreCivic's discovery requests.

The scheduling order in this action explained that "[d]iscovery is the process by which the parties exchange information about the issues in the case before trial" and "is governed by Federal Rules of Civil Procedure 26 through 37." (Doc. No. 10, PageID# 53.) Rule 33(b)(2) addresses the time for responding to interrogatories and provides that "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Rule 34(b)(2) addresses the time for responding to requests for productions and similarly provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served . . . ." Fed. R. Civ. P. 34(b)(2)(A). Both rules provide that "[a] shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A).

Collins referenced the thirty-day response periods for interrogatories and requests for production in her November 2024 motions for an extension of time to respond to CoreCivic's discovery requests. (Doc. Nos. 12, 13.) Collins stated that CoreCivic's counsel "served the [ ] discovery requests on October 17, 2024[,] via U.S. Mail, and disclosed that [the requests] must be completed within thirty days, per [the] federal Rules of Civil Procedure." (Doc. No. 12, PageID# 59; Doc. No. 13, PageID# 65.) On November 26, 2024, the Court granted Collins's request for an extension and, under its authority to order a longer time to respond under Rules 33 and 34, ordered Collins "to provide responses to CoreCivic's discovery requests by January 2, 2025." (Doc. No. 16.) There is no dispute that Collins did not meet that deadline.

As a result, CoreCivic filed a motion to compel Collins's discovery responses (Doc. No. 18) and a motion to extend the deadlines for concluding all discovery in this action and for filing dispositive motions (Doc. No. 20). The Court's February 27, 2025 order granting CoreCivic's motion to extend the discovery completion and dispositive motion deadlines did not

extend Collins's January 2, 2025 deadline to respond to CoreCivic's discovery requests. CoreCivic is therefore correct that Collins's discovery responses are more than three months overdue. CoreCivic's request for an order compelling Collins to respond to its interrogatories and requests for production will therefore be granted.

CoreCivic also requests that the Court order Collins to pay CoreCivic's "reasonable attorneys' fees and costs associated with bringing [its] [m]otion [to compel]." (Doc. No. 19, PageID# 90; Doc. No. 28, PageID# 154.) Rule 37(a)(5) provides that, if a court grants a motion to compel discovery, it "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court may not require payment, however, if the opposing party's response was substantially justified or if other circumstances make such an award unjust. *Id.* While Collins's pro se status does not justify her failure to comply with the Court's orders and the Federal Rules of Civil Procedure, the Court finds that it would be unjust to order Collins, who proceeds IFP, to pay CoreCivic's expenses and attorney fees at this time. *See, e.g.*, *Williams v. Platt*, No. CIV-03-281, 2005 WL 1950267, at *2 (W.D. Okla. July 29, 2005) (finding that awarding attorney fees for plaintiff's failure to appear for his deposition would be unjust because such an award would place a heavy burden on the plaintiff, who was proceeding *in forma pauperis*). CoreCivic's request for costs and attorney fees will therefore be denied.

IV.     **Conclusion**

For these reasons, CoreCivic's motion to compel discovery responses (Doc. No. 18) is GRANTED IN PART AND DENIED IN PART. CoreCivic's request for an order compelling Collins to respond to its discovery requests is GRANTED. CoreCivic's request for an award of costs and attorney fees is DENIED.

Collins is ORDERED to serve responses to CoreCivic's interrogatories and requests for production by no later than May 9, 2025. Collins is warned that failure to comply with this Order will likely result in a recommendation that the Court impose sanctions under Rule 37(b), up to and including dismissal of her claims in this action. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii), (b)(2)(C).

The Clerk of Court is DIRECTED to update the case caption to reflect that the defendant in this action is CoreCivic of Tennessee, LLC.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge