UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TORI ROSE COLLINS,<br><br>    Plaintiff,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>    Defendant. | Case No. 3:24-cv-00573<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This employment discrimination action brought under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12112–12117, arises out of pro se Plaintiff Tori Rose Collins's employment by Defendant CoreCivic of Tennessee, LLC (CoreCivic), at Trousdale Turner Correctional Center (TTCC) in Hartsville, Tennessee. (Doc. No. 1.) CoreCivic has filed a motion for sanctions under Federal Rule of Civil Procedure 37 asking the Court to dismiss Collins's claims or, in the alternative, to issue an order compelling Collins to supplement her responses to CoreCivic's discovery requests. (Doc. No. 30.)

On August 12, 2025, the Court found that Collins had not responded in opposition to CoreCivic's motion and ordered Collins to show cause why the Court should not dismiss this action under Rule 37 or Rule 41(b) for the reasons stated in CoreCivic's motion or for Collins's failure to prosecute her claims. (Doc. No. 31.) On the same day, after the Court entered its show-cause order, the Court received by mail Collins's motion for relief from judgment under Rule 60(b) asking the Court not to impose sanctions. (Doc. No. 32.) CoreCivic responded in opposition to Collins's motion. (Doc. No. 33.) Collins later filed a combined response to the Court's show-cause order and to CoreCivic's motion for sanctions. (Doc. No. 35.)

Having considered the parties' arguments and the record as a whole, and for the reasons that follow, Collins's motion for relief from judgment (Doc. No. 32) will be denied and CoreCivic's motion for sanctions or, in the alternative, to compel (Doc. No. 30) will be granted in part and denied in part.

## I. Background

### A. Factual Background

The Court described the relevant facts underlying Collins's ADA claims in a prior order:

> Collins alleges that she began working at TTCC "as a Correctional Officer on the night shift in August 2022" and "was promoted to Case Manager" "[s]oon after[.]" (Doc. No. 1, PageID# 5.) Collins states that, at first, her "attendance was good and [she] never showed up late." (*Id.*) But then Collins became ill and, in March 2023, had surgery to remove her tonsils and adenoids. (*Id.*) Collins alleges that, "[w]hen she returned to work from surgery, . . . [she] faced ongoing tiredness" and "started showing up to work late since [she] couldn't hear [her] alarm." (*Id.*) Even though her "pulmonologist issued a medical note because [she] [is] a[n] obstructive sleep apnea patient[,] [a]dministrative staff refused to provide an accom[m]odation . . . ." (*Id.*) Collins alleges that she "received discipline for being late to work" and that "[m]ore than one staff member disciplined [her] in front of inmates." (*Id.*)
>
> Collins began to "notice[ ] more symptoms" including "muscle pain and spasms, forgetfulness, and difficulty with cognition." (*Id.*) She "was diagnosed with Migraines" and, "[i]n August 2023, [Collins] went on short term disability leave because [she] was tired all the time and [she] had so many symptoms." (*Id.*) Collins alleges that "[a] CT scan in October 2023 confirmed the cognitive problems were migraines" and that "short term disability leave was a requirement for [her] recovery." (*Id.*) She "received a doctor's note to go back to work" but, when she "arrived [at] Human Resources on [August 29, 2023], [she] was fired because, supposedly, [she] didn't provide enough notice before taking medical leave." (*Id.*) Collins "ask[ed] for [her] job back via the company grievance process[,] [but] [she] never received an answer." (*Id.*)

(Doc. No. 29, PageID# 159–60 (alterations in original).)

### B. Procedural History

Collins initiated this action on May 7, 2024, by filing a complaint for employment discrimination against CoreCivic. (Doc. No. 1.) The Court granted Collins's motion for leave to

proceed *in forma pauperis* (IFP), screened her complaint under 28 U.S.C. § 1915(e), and found that Collins had stated colorable ADA claims against CoreCivic. (Doc. No. 5.) At Collins's request, the Clerk of Court issued a summons for CoreCivic (Doc. No. 6) and, because Collins proceeds IFP, the United States Marshals Service effected service of process on CoreCivic on Collins's behalf (Doc. No. 7.)

CoreCivic appeared and answered Collins's complaint. (Doc. No. 8.) The Court entered a scheduling order setting October 16, 2024, as the deadline for filing motions to amend the pleadings; February 17, 2025, as the deadline for completing all discovery; and April 17, 2025, as the deadline for filing dispositive motions. (Doc. No. 10.) CoreCivic served interrogatories and requests for production of documents on Collins by mail on October 17, 2024, and, in November 2024, Collins filed motions requesting an extension of time to respond to CoreCivic's requests. (Doc. Nos. 12, 13.) CoreCivic did not oppose Collins's request (Doc. No. 14), and the Court granted Collins's motions ordering her "to provide responses to CoreCivic's discovery requests by January 2, 2025." (Doc. No. 16.)

On February 17, 2025, CoreCivic filed a motion to compel discovery responses under Federal Rule of Civil Procedure 37 (Doc. No. 18), arguing that Collins still had not responded to its discovery requests and had stopped "respond[ing] to any communications by CoreCivic regarding her outstanding discovery" (Doc. No. 19, PageID# 84). CoreCivic also filed a motion to extend the scheduling order deadlines for completing discovery and filing dispositive motions and represented to the Court that Collins did not oppose the requested extensions. (Doc. Nos. 20, 21.) The Court granted CoreCivic's motion to extend the discovery and dispositive motion deadlines as unopposed and stated that the Court would reset the discovery and dispositive motion deadlines by separate order after resolving CoreCivic's motion to compel discovery. (Doc. No. 22.)

Collins filed an "objection" to CoreCivic's motion to compel discovery (Doc. No. 27), which the Court construed as her response in opposition to CoreCivic's motion (Doc. No. 29). Collins did not dispute that she had not yet responded to CoreCivic's discovery requests. (Doc. No. 27.) She argued that CoreCivic "did not communicate a sense of urgency to receive [her] discovery answers" and "stated they were going to file a motion for an extension for discovery." (*Id.* at PageID# 149.) Collins also stated that she had "experienced hardship that interfered with completion of her discovery before the deadline" including "mov[ing] to a new address twice . . . [,]" a two-week closure of the Nashville Public Library "at the beginning of 2025[,]" "conflicts with another tenant [in her house] which resulted in police involvement and court dates[,] . . . [and] medical disabilities which caused limitations in her ability to focus and complete tasks." (*Id.* at PageID# 149–50.) She also stated that, "[o]n March 22, 2025, [she] sent an email providing [CoreCivic] with a new update that her discovery can be completed in a reasonable timeframe when she gets adequate software to edit PDF documents." (*Id.* at PageID# 150.)

CoreCivic filed a reply in support of its motion to compel discovery, asking the Court to grant its motion to compel Collins's discovery responses and award CoreCivic costs and attorney fees associated with bringing its motion. (Doc. No. 28.)

On April 11, 2025, the Court granted in part and denied in part CoreCivic's motion to compel. (Doc. No. 29.) The Court ordered Collins to serve responses to CoreCivic's twenty-two interrogatories and forty-four requests for production by no later than May 9, 2025, and warned her that failure to comply with its order would "likely result in a recommendation that the Court impose sanctions under Rule 37(b), up to and including dismissal of her claims in this action." (*Id.* at PageID# 166.) The Court denied CoreCivic's request for costs and attorney fees. (Doc. No. 29.)

CoreCivic states that, on May 9, 2025, Collins mailed "written discovery responses and 651 pages of documents" to CoreCivic.[1] (Doc. No. 30-1, PageID# 171 and n.2.) But CoreCivic argues that Collins's "responses and production . . . remain deficient." (*Id.* at PageID# 171.) For example, CoreCivic argues that Collins's responses are generally deficient because she "objected to many of [its] discovery requests, despite the fact that she waived her objections by failing to timely respond to the requests[,]" and that Collins appears to be "withholding at least some responsive documents on the basis of her untimely objections." (*Id.* at PageID# 171–72.) CoreCivic also makes specific arguments as to the particular deficiency of seven of Collins's interrogatory responses and eighteen of her request for production responses. (Doc. Nos. 30-1, 30-3.) CoreCivic states that it sent Collins a deficiency letter on June 10, 2025, "outlining its concerns with her written discovery responses and document production" and asking her "to supplement her responses on or before June 23, 2025[,]" but Collins did not respond.[2] (Doc. No. 30, PageID# 172.) Collins states that she "did not receive the 'Deficiency Letter' on time and was not aware there were any attempts to communicate from [CoreCivic] or their legal counsel." (Doc. No. 35, PageID# 273.)

On July 2, 2025, CoreCivic filed a motion for sanctions under Rule 37, asking the Court to dismiss Collins's claims or, in the alternative, issue an order compelling Collins to supplement her responses to CoreCivic's discovery requests. (Doc. No. 30.) On August 12, 2025, the Court found that Collins had not filed a response in opposition to CoreCivic's motion for sanctions within the time provided by the Court's scheduling order. (Doc. No. 31.) The Court therefore ordered Collins

---

[1] CoreCivic filed copies of Collins's discovery responses, but not her document production, in support of its motion for sanctions. (Doc. No. 30-2.)

[2] CoreCivic filed a copy of the deficiency letter in support of its motion for sanctions. (Doc. No. 30-3.)

to show cause by August 26, 2025, why the Magistrate Judge should not recommend that the Court dismiss this action under Rule 37 or Rule 41(b) for the reasons stated in CoreCivic's sanctions motion or Collins's failure to prosecute her claims and why the Court should instead permit Collins to file an untimely response in opposition to CoreCivic's motion with her show-cause response. (*Id.*) The Court warned Collins that failure to comply with its order to show cause would "likely result in a recommendation that the Court dismiss this action." (*Id.* at PageID# 244.)

On the same day, after the Court entered its show-cause order, the Court received a filing from Collins by mail styled as a motion for relief from judgment under Rule 60(b).[3] (Doc. No. 32.) Collins states that she did not receive CoreCivic's deficiency letter and argues that CoreCivic did not sufficiently serve its motion for sanctions on her, "which compromised [her] opportunity to file a timely response." (*Id.* at PageID# 246.) Collins requests "relief from sanctions" and "relief from judgement because sanctions are not an equitable remedy" in light of her IFP status and "[t]he burden and cost" of responding to CoreCivic's discovery requests. (*Id.* at PageID# 245, 247.)

CoreCivic filed a response in opposition to Collins's motion, arguing that the motion is procedurally improper and disputing Collins's assertions that she did not receive the deficiency letter and that CoreCivic did not properly serve its sanctions motion. (Doc. No. 33.)

On August 27, 2025, Collins electronically filed a combined response to the Court's order to show cause and to CoreCivic's motion for sanctions. (Doc. No. 35.) Collins states that she filed her motion for relief from judgment "when a timely motion in response to [CoreCivic's motion for sanctions] could not be submitted, in [an] effort to proceed in th[is] lawsuit." (*Id.* at PageID# 273.) She states that "[h]er ability to meet deadlines has been challenged by extraordinary events and the obligation to respond to extensive litigation in this lawsuit." (*Id.* at PageID# 271.)

---

[3]   The postmark shows that Collins mailed this filing on August 7, 2025. (Doc. No. 32.)

Specifically, Collins argues that the "reasons why she could not draft a timely response" include her "pro se status . . . , lack of service of process, the burden of cost while proceeding in forma pauperis, access to resources and materials, the scope of [CoreCivic's] discovery, impairments caused by medical disabilities, and extraordinary circumstances . . . ." (*Id.* at PageID# 273, 274.) Collins states that the "extraordinary circumstances" involve "matters and proceedings [that] required completion of forms and paperwork for state and local agencies" and that, "[i]f it is necessary, more information can be provided to justify what extraordinary circumstances have occurred since the first extension of time [to respond to discovery] was granted." (*Id.* at PageID# 276.)

CoreCivic did not file an optional reply in support of its motion for sanctions.

## II. Analysis

As a threshold matter, the Court finds that Collins has adequately responded to the Court's order to show cause. (Doc. No. 31.) The Court will therefore consider the merits of the parties' motions.

### A. Collins's Motion for Relief from Judgment

Federal Rule of Civil Procedure 60(b) addresses grounds for seeking relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60(b). It provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6). "[B]y its terms, Rule 60(b) authorizes relief only from 'a final judgment, order, or proceeding.'" *In re Conner Creek Ctr. LLC*, 669 B.R. 799, 803 (Bankr. E.D. Mich. 2025) (quoting Fed. R. Civ. P. 60(b)); *see also Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) ("Rule 60(b) applies only to final, appealable judgments."); 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2852 (3d ed. suppl. Sep. 2025) ("Rule 60(b) . . . applies only to 'a final judgment, order, or proceeding.'" (quoting Fed. R. Civ. P. 60(b))). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).

Collins's motion for relief from judgment invokes Rule 60(b) and requests "relief from sanctions" and "relief from judgement . . . ." (Doc. No. 32, PageID# 245, 247.) But CoreCivic's motion for sanctions is still pending, the Court has not entered any order imposing sanctions on Collins, and judgment has not yet entered in this case. Accordingly, "a Rule 60(b) motion is neither available nor appropriate, because Rule 60(b) permits the Court to grant relief only from 'final' judgments or orders." *Consolidation Coal Co. v. U.S. Dep't of Interior*, 43 F. Supp. 2d 857, 863 (S.D. Ohio 1999); *see also In re Conner Creek Ctr. LLC*, 669 B.R. at 803; 11 Wright & Miller, *Federal Practice and Procedure* § 2852. Collins's motion for relief from judgment (Doc. No. 32) therefore will be denied.

### B. CoreCivic's Motion for Sanctions or to Compel Collins to Supplement Her Discovery Responses

#### 1. CoreCivic's Request for Dismissal as a Sanction

Federal Rules of Civil Procedure 37 and 41(b) provide district courts with express power to dismiss a complaint. Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b). Rule 37 authorizes a court to dismiss a lawsuit "[i]f a party . . . fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2)(A), or otherwise fails to cooperate in discovery, including failing to respond to interrogatories and requests for production, Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3). Dismissal under Rule 37 "accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Dismissal under Rule 41(b) is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See id.* (quoting *Knoll*, 176 F.3d at 363).

Courts look to four factors for guidance when determining whether dismissal under Rule 37 or Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)); *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."

*Knoll*, 176 F.3d at 363 (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *Universal Health Grp.*, 703 F.3d at 956 ("Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002))); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))).

The Sixth Circuit reviews a district court's dismissal of an action under Rule 37 or 41(b) for abuse of discretion. *See Schafer*, 529 F.3d at 736 (affording district courts "'substantial discretion" with respect to Rule 41(b) dismissals (quoting *Knoll*, 176 F.3d at 363)); *Universal Health Grp.*, 703 F.3d at 955 (reviewing district court's dismissal under Rule 37(b)(2) "for an abuse of discretion").

Considering the four relevant factors, dismissal of this action is not appropriate under Rule 37 and Rule 41(b).

### a. Bad Faith, Willfulness, or Fault

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "'display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591).

CoreCivic argues that this factor weighs in favor of dismissal because Collins "has refused [to] participate in discovery and further refused to comply in good faith with the Court's order directing her to participate in discovery." (Doc. No. 30-1, PageID# 183.) Specifically, CoreCivic argues that Collins has demonstrated bad faith for purposes of Rule 37 because her "partial

10
Case 3:24-cv-00573    Document 39    Filed 11/05/25    Page 10 of 19 PageID #: 300

responses and withheld documents and information evidence her outright refusal to comply in the fact of this Court's unambiguous Order . . . ." (*Id.* at PageID# 184.)

But the record does not support CoreCivic's assertion that Collins has "outright refus[ed]" to participate in discovery or failed to obey the Court's order compelling her to respond to CoreCivic's discovery requests. The Court previously found, in addressing CoreCivic's motion to compel Collins's discovery responses, "that Collins ha[d] confused the deadline for the parties to complete all written discovery in this action with her deadline to respond to CoreCivic's discovery requests." (Doc. No. 29, PageID# 163.) The Court therefore ordered Collins "to serve responses to CoreCivic's interrogatories and requests for production by no later than May 9, 2025." (*Id.* at PageID#166.) There is no dispute that, on May 9, 2025, Collins mailed CoreCivic written responses to all twenty-two interrogatories and all forty-four requests for production (Doc. No. 30-2) and she produced more than 650 pages of documents.

CoreCivic argues that Collins's responses are generally deficient because (1) she included objections that CoreCivic argues are waived and (2) her responses do not clearly state whether she is withholding any information or documents based on her objections. (Doc. Nos. 30-1, 30-3.) CoreCivic also argues that seven of Collins's written responses to its interrogatories and eighteen of her responses to its requests for production are deficient for other specific reasons. (Doc. Nos. 30-1, 30-3.)

CoreCivic tried to address these concerns in a deficiency letter that it mailed and e-mailed to Collins on June 10, 2025. (Doc. No. 30-3.) Collins states that she "did not receive the 'Deficiency Letter' on time and was not aware there were any attempts to communicate from [CoreCivic] or their legal counsel." (Doc. No. 35, PageID# 273.) CoreCivic disputes this. (Doc. No. 33.) Collins also states that, when she received CoreCivic's motion for sanctions, "[t]he

11

pressure to respond became 'unreasonably cumulative'" and "[i]t was intimidating because of the format, tone, and language used." (*Id.* (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)).)

These reasons do not excuse Collins's failure to respond to CoreCivic's communications or motion for sanctions. The record shows that CoreCivic did not use an inappropriate tone or language in its communications with Collins. Rather, its letter and motion are in the typical argot of discovery disputes in adversary civil litigation. But CoreCivic has not shown that Collins's conduct has reached the level of demonstrating bad faith, willfulness, or fault under Rule 37(b)(2). The record shows that Collins "has made robust efforts to participate in discovery, and it appears that [s]he made a good faith effort to comply with the Court's order and respond fully to [CoreCivic's] interrogatories [and requests for production]." *Greer v. Tenn. Dep't of Corr.*, Case No. 3:20-cv-00726, 2023 WL 11206286, at *3 (M.D. Tenn. Aug. 21, 2023); *see also Hugueley v. Carpenter*, Civ. No. 09-1181, 2015 WL 1738118, at *3 (W.D. Tenn. Apr. 16, 2015) (finding that "[p]etitioner ha[d] not completely failed to respond to discovery" and "any deficiency in his discovery response d[id] not appear to be from willfulness, bad faith, or fault"). The first factor therefore weighs against dismissal.

### b. Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter v. City of Flint*, 723 F.3d 700, 707 (6th Cir. 2013) (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding

prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and responds even minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Collins's initial failure to respond to CoreCivic's discovery requests led CoreCivic to waste time, money, and effort filing a motion to compel her responses (Doc. No. 18) which the Court granted in part and denied in part (Doc. No. 29). Collins served responses to all of CoreCivic's discovery requests and produced documents in compliance with the Court's order compelling her to respond to CoreCivic's requests (Doc. No. 30-2), but CoreCivic disputes the sufficiency of Collins's responses (Doc. Nos. 30-1, 30-3). CoreCivic attempted to resolve this dispute by drafting and sending a letter to Collins identifying its concerns and asking her to supplement her responses and production. (Doc. No. 30-3.) The parties dispute whether and when Collins received the deficiency letter, but there is no dispute that she did not respond to it. CoreCivic then filed its motion for discovery sanctions or, in the alternative, to compel Collins to supplement her discovery responses. (Doc. No. 30.) Collins did not file a timely response to CoreCivic's motion for sanctions, but she later filed a motion for relief from judgment opposing CoreCivic's request for sanctions (Doc. No. 32), and she responded to the Court's order to show cause regarding CoreCivic's sanctions motion (Doc. No. 35).

The Court's scheduling order in this action explains that "the parties must try in good faith to resolve [discovery] dispute[s] independently." (Doc. No. 10, PageID# 54.) The record shows that CoreCivic tried to resolve the dispute about the sufficiency of Collins's discovery responses and production by sending Collins a deficiency letter and asking her to supplement her discovery. (Doc. No. 30-3.) Collins did not respond to the letter and did not supplement her responses. CoreCivic therefore had to waste time, money, and effort filing its motion for sanctions or, in the alternative, to compel.

On this record, the Court finds that CoreCivic has been prejudiced by Collins's conduct, and the second factor weighs in favor of sanctions. *See Carpenter*, 723 F.3d at 707; *Harmon*, 110 F.3d at 368.

      **c.**      **Prior Notice**

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Collins that failure to comply with the Court's order "to serve responses to CoreCivic's interrogatories and requests for production by no later than May 9, 2025[,]" would "likely result in a recommendation that the Court impose sanctions under Rule 37(b), up to and including dismissal of her claims in this action." (Doc. No. 29, PageID# 166.) It is undisputed Collins served responses to all of CoreCivic's interrogatories and requests for production on May 9, 2025. (Doc. No. 30-2.)

But when Collins did not respond to CoreCivic's deficiency letter about her responses and document production, CoreCivic filed and served a motion for sanctions requesting dismissal of Collins's claims based on her failure to respond to the letter and supplement her discovery. (Doc. No. 30.) CoreCivic's motion placed Collins on notice that the Court could impose sanctions, up to and including dismissal of this action, for Collins's failure to respond to CoreCivic's letter and

14

supplement her discovery responses and production. *See, e.g.*, *Harmon*, 110 F.3d at 368. The Court further warned Collins that failure to comply with its order to show cause why her claims should not be dismissed for the reasons argued in CoreCivic's motion or for Collins's failure to prosecute her claims would "likely result in a recommendation that the Court dismiss this action." (Doc. No. 31, PageID# 244.) Collins was therefore warned that her failure to cooperate in discovery could result in dismissal. This factor weighs in favor of sanctions.

### d. Appropriateness of Other Sanctions

CoreCivic requests that the Court dismiss this action with prejudice. (Doc. Nos. 30, 30-1.) The Sixth Circuit has long held that "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985); *see also Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) ("Dismissal is the sanction of last resort. It should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault."). However, when "[p]resented with a record of sufficiently egregious conduct, . . . a district court has not abused its discretion by ordering dismissal as the first and only sanction." *Harmon*, 110 F.3d at 369; *see also Williams v. Select Specialty Hosp. Nashville, Inc.*, Civ. No. 3:08-1007, 2010 WL 93103, at *3 (M.D. Tenn. Jan. 7, 2010) (adopting report and recommendation and dismissing action "with prejudice due to the plaintiffs' willfulness and fault in failing to engage in discovery and in disregarding the Court's orders" "and the needless expenditure of resources by both the Court and the defendant caused by the plaintiffs' conduct").

CoreCivic argues that "the Court previously considered sanctions" against Collins in the form of ordering her to pay CoreCivic's costs and attorney fees for its first motion to compel, "but found at the time sanctions would be unjust because of [Collins's] *pro se* status." (Doc. No. 30-1,

PageID# 184.) CoreCivic argues that, "since then, [Collins] has failed to participate in any discovery in any manner, causing significant delays in the case" and "that dismissal is [therefore] appropriate . . . ." (*Id.*)

The Court disagrees. CoreCivic has not shown that Collins's conduct reaches the level of demonstrating bad faith, willfulness, or fault under Rule 37(b)(2). And there is at least one remaining intermediate step of requiring Collins to supplement her discovery responses and production. The ultimate sanction of dismissal is therefore not yet warranted. *See Greer*, 2023 WL 11206286, at *4.

### 2. CoreCivic's Request for an Order Compelling Collins to Supplement Her Discovery Responses

As an alternative to the sanction of dismissal, CoreCivic requests "an order compelling [Collins] to respond to CoreCivic's interrogatories and requests for production without objection and produce all responsive documents." (Doc. No. 30-1, PageID# 185.) Collins has not responded directly to this request.

The Court explained the legal standard governing motions to compel discovery in a prior order:

> "[T]he scope of discovery is within the sound discretion of the trial court[.]" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 451 (6th Cir. 2008) (first alteration in original) (quoting *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). Generally, Federal Rule of Civil Procedure 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant evidence in this context is that which "'has any tendency to make a fact more or less probable than it would be without the evidence,' if 'the fact is of consequence in determining the action.'" *Grae v. Corr. Corp. of Am.*, 326 F.R.D. 482, 485 (M.D. Tenn. 2018) (quoting Fed. R. Evid. 401).
>
> Rule 37(a) provides that a party may file a motion for a court order compelling disclosure or discovery in a number of circumstances, including when "a party fails to answer an interrogatory submitted under Rule 33[,]" or "produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv). The moving party bears the initial burden of proving the relevance of the

> information sought. *See Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *see also* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment ("A party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them."). "The court will only grant [a motion to compel] . . . if the movant actually has a right to the discovery requested." *Grae*, 326 F.R.D. at 485.

(Doc. No. 29, PageID# 162 (alterations in original).)

The Court has already determined that CoreCivic has a right to the information sought in its interrogatories and requests for production. (Doc. No. 29.) The record shows that Collins served responses to each of CoreCivic's twenty-two interrogatories and forty-four requests for production and produced more than 650 pages of documents to CoreCivic. However, CoreCivic has raised non-trivial concerns about some of Collins's responses. (Doc. Nos. 30-1, 30-3.)

For example, Rule 34(b)(2)(C) provides that an objection to a request for production "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). CoreCivic asks, among other things, that Collins supplement her responses to comply with this requirement and clearly state whether or not she is withholding any documents because she objects a particular request for production. (Doc. Nos. 30-1, 30-3.)

CoreCivic also argues that Collins repeatedly objects that certain documents are not within her actual possession, custody, or control. (Doc. Nos. 30-1–30-3.) But, as CoreCivic points out (Doc. No. 30-1), "documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995)

(emphasis omitted). If Collins has not produced responsive documents that she "has the legal right to obtain . . . on demand[,]" then CoreCivic may be entitled to their production.[4]

Further, CoreCivic's fourth interrogatory asked Collins to "[i]dentify each and every person or third party . . . with whom [she] ha[s] discussed the facts of this case or the matters alleged in the pleadings, or" who has provided, volunteered to provide, or been asked to provide "information, documents, and/or tangible evidence relating to, supporting, or refuting the claims [Collins] has made in this lawsuit." (Doc. No. 30-2, PageID# 193.) Collins objected to this request on the grounds that "it requires a compilation/list of every person or third party that has discussed with [her] or contributed to the facts of this case" and that "[c]reating such a complete list or summary of this would be unduly burdensome." (*Id.*) As CoreCivic argues, however, Rule 26 generally requires parties to disclose "the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses[.]" Fed. R. Civ. P. 26(a)(1)(A)(i).

As these examples show, CoreCivic has made requests for Collins to supplement her discovery responses that are reasonable under the Federal Rules of Civil Procedure. Accordingly, the Court will grant in part CoreCivic's request for an order compelling Collins to respond to CoreCivic's deficiency letter and supplement her discovery responses and production.

CoreCivic's request for an award of costs and attorney fees will be denied. Because Collins "proceeds *in forma pauperis* based on her demonstrated lack of financial resources, the Court finds that a further financial sanction would be unjust and likely futile." *Grooms v. Walden Sec.*, Case No. 3:21-cv-00363, 2023 WL 2993348, at *5 (M.D. Tenn. Apr. 18, 2023) (citations omitted),

---

[4] The Court makes no finding as to whether Collins may have other valid objections to particular requests for production.

18
Case 3:24-cv-00573    Document 39    Filed 11/05/25    Page 18 of 19 PageID #: 308

*report and recommendation adopted*, 2023 WL 3313046 (M.D. Tenn. May 8, 2023); *see also Langworthy v. Tuck*, Case No. 2:23-cv-13016, 2025 WL 1019752, at *10 (E.D. Mich. Mar. 27, 2025) (finding "that an award of fees would be unjust and 'likely futile' given Plaintiff's *in forma pauperis* status" (citing *Grooms*, 2023 WL 2993348, at *5)).

### III.    Conclusion

For these reasons, CoreCivic's motion for sanctions or, in the alternative, to compel discovery responses (Doc. No. 30) is DENIED IN PART AND GRANTED IN PART. CoreCivic's request for sanctions is DENIED. CoreCivic's request for an order compelling Collins to supplement her discovery responses is GRANTED. CoreCivic's request for costs and attorney fees is DENIED.

Collins is ORDERED to respond to CoreCivic's deficiency letter (Doc. No. 30-3) and to supplement her discovery responses and document production by November 19, 2025.

The Clerk of Court is DIRECTED TO ADMINISTRATIVELY TERMINATE Collins's motion for relief from judgment (Doc. No. 32).

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge