UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| TORI ROSE COLLINS, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00573 |
| CORECIVIC OF TENNESSEE, LLC, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CoreCivic of Tennessee, LLC's ("CoreCivic") Motion for Miscellaneous Relief (Doc. No. 44), requesting a status conference, renewing its Motion for Rule 37 Sanctions, and arguing that good cause exists for dismissal under Rule 41(b). (Id.). Plaintiff Tori Rose Collins ("Collins"), who is proceeding *pro se*, has responded to CoreCivic's Motion, opposing it to the extent it seeks dismissal under Rules 37 and 41(b). (Doc. No. 45). For the following reasons, the Court rules as follows: CoreCivic's Motion (Doc. No. 44) will be granted in part as to dismissal under Rule 41(b), denied as moot in all other respects, and this case will be dismissed.

I.     BACKGROUND

On July 2, 2025, CoreCivic filed a motion for sanctions under Rule 37, requesting the Court dismiss Collins's claims for her failure to comply with her discovery obligations. (Doc. No. 30). Collins did not respond in opposition to CoreCivic's motion, prompting the Magistrate Judge on August 12, 2025 to order Collins to show cause within 14 days why this case should not be dismissed with prejudice for want of prosecution pursuant to Federal Rules of Civil Procedure 37 and 41(b). (Doc. No. 31 at 2–3). Collins was cautioned then that "failure to comply" with the

Magistrate Judge's August 12, 2025 order "will likely result in a recommendation that the Court dismiss this action." (Id. at 3).

On August 27, 2025, Collins responded to the Magistrate Judge's show cause order, detailing her efforts to comply with the discovery process and opposing dismissal under Rules 37 and 41(b). (Doc. No. 35). Given Collins's response, on November 5, 2025, the Magistrate Judge rejected CoreCivic's Rules 37 and 41(b) arguments for dismissal for the time being. (Doc. No. 39 at 19). Still, the Magistrate Judge cautioned Collins that she needed to respond to CoreCivic's discovery letter and "supplement her discovery responses and document production by November 19, 2025" to keep this case moving forward. (Id.). Collins failed to comply with the Magistrate Judge's November 5, 2025 order, leading CoreCivic to renew its Rules 37 and 41(b) arguments for dismissal. (See Doc. Nos. 44–45). CoreCivic's Rule 41(b) argument is dispositive.

## II. LEGAL STANDARD

Under Rule 41(b) of the Federal Rules of Civil Procedure, courts have the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." This allows district courts "a tool to effect 'management of its docket and avoidance of unnecessary burdens of the tax-supported courts [and] opposing parties.'" Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984)).

When deciding whether this tool should be used, courts look to four factors for guidance: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Id. (citing Stough v. Mayville Community Sch., 138 F.3d 612, 615 (6th Cir. 1998)). While "typically none of the factors is outcome dispositive, it is

2

Case 3:24-cv-00573   Document 46   Filed 12/01/25   Page 2 of 6 PageID #: 331

said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)).

## III. ANALYSIS

Upon full consideration of the four factors governing the Rule 41(b) analysis, the Court finds dismissal appropriate. On the "first factor—whether the party's failure is due to willfulness, bad faith, or fault—[it] requires 'a clear record of delay or contumacious conduct.'" Carpenter v. City of Flint, 723 F.3d 700, 704 (6th Cir. 2013) (quoting Freeland v. Amigo, 103 F.3d 1271, 1277 (6th Cir. 1997)); see Knoll, 176 F.3d at 363 (same). The Court finds that to be present here. As CoreCivic emphasizes in its Motion (see Doc. No. 44 ¶ 14), Collins has disregarded her discovery obligations, as well as the Magistrate Judge's recent November 5, 2025 order directing her to "respond to CoreCivic's deficiency letter" and "to supplement her discovery responses and document production by November 19, 2025." (See, e.g., Doc. No. 39 at 19). Collins does not dispute as much, nor does she so much as offer an alternative date of compliance. (See Doc. No. 45 ¶ 2). Instead, she merely asserts that "[d]ue to the limited availability of technology and office resources," her "response was not completed by the November 19, 2025 Court ordered deadline." (Id.). Here, by failing to respond to discovery requests and the Magistrate Judge's November 5, 2025 Order "compelling cooperation with such requests[,]" Collins has acted in bad faith and with contumacious conduct such that this factor counsels for dismissal. Mulbah v. Detroit Bd. of Educ., 261 F.3d 586, 592 (6th Cir. 2001); see also Harmon v. CSX Transp., Inc., 110 F.3d 364, 368 (6th Cir. 1997) (contumacious conduct present where plaintiff failed to respond to discovery requests).

The other three factors equally support dismissal. On the second factor, "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" Carpenter, 723 F.3d at 707 (quoting Harmon, 110 F.3d at 368). CoreCivic certainly has suffered such

prejudice in this instance, as it has repeatedly wasted time, money, resources, and litigation efforts in pursuing discovery from Collins that she is mandated to provide. (See Doc. No. 39 at 14 (Magistrate Judge concluding that Collins's tactics have already prejudiced CoreCivic)). Further, because Collins refuses to participate in exchanging discovery with CoreCivic in a timely and complete manner, CoreCivic has been unable to obtain the discovery it is entitled to that would enable it to mount a defense and prepare for settlement or trial, hindering CoreCivic's ability to proceed forward in this dispute. See Carpenter, 723 F.3d at 707.

On the third factor, "[p]rior notice, or lack thereof, is . . . a key consideration" in whether dismissal under Rule 41(b) is warranted. Stough v. Mayville Cmty. Schs., 138 F.3d 612, 615 (6th Cir. 1998). In this case, the Magistrate Judge explicitly cautioned Collins in her August 12, 2025 show cause order that Collins's failure to comply with explaining her failure to prosecute her claims, *i.e.* not complying with her discovery obligations, could result in dismissal of this action for failure to prosecute under Rule 41(b). (Doc. No. 31 at 3). True, Collins responded to the Magistrate Judge's show cause order detailing her efforts in the discovery process. (Doc. No. 35). However, on November 5, 2025, the Magistrate Judge found those efforts insufficient and ordered Collins to supplement them by November 19, 2025. (Doc. No. 39 at 19). Despite Collins's knowledge of the Magistrate Judge's prior warning about dismissal for failure to comply with the discovery process, she admits that she has not complied with the Magistrate Judge's November 5, 2025 order or related November 19, 2025 discovery deadlines to date. (Doc. No. 45).

On the final factor, "[t]he sanction of dismissal is appropriate only if the [party's] actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." Carter, 636 F.2d at 161. Unfortunately for Collins, that is the case here. Collins has missed the November 19, 2025 deadline to "supplement her discovery responses and document

4

production" as ordered by the Magistrate Judge, without good explanation for doing so. (See Doc. No. 45). Given that Collins has exhibited similar delay tactics in the past (see Doc. No. 39), the Court finds little reason to conclude that an alternative, lesser sanction than dismissal would alter Collins's conduct or otherwise "protect the integrity of the pretrial process." Carter, 636 F.2d at 161.

## IV. CONCLUSION

Given the foregoing, the Court concludes that Collins's contumacious conduct and delays in proceeding through the discovery process, warnings to her about such conduct, and the resultant prejudice to CoreCivic all warrant dismissal of Collins's claims. Accordingly, the Court rules as follows:

1. CoreCivic's Motion (Doc. No. 44) is **GRANTED IN PART** on its request for dismissal under Rule 41(b);
2. CoreCivic's Motion (Doc. No. 44) is **DENIED AS MOOT** in all other respects;
3. The upcoming pretrial conference, trial, and all related deadlines are **CANCELLED**; and
4. This action is **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 41(b).

This is a final order. The Clerk shall enter judgment in accordance with Federal Rule of Civil Procedure 58 and close the file.

                                                                                               _____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE